J-S12037-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                               :          PENNSYLVANIA
                               :
            v.                 :
                               :
                               :
JOSEPH D. BAKER                :
                               :
            Appellant          :  No. 1982 EDA 2023

Appeal from the Judgment of Sentence Entered June 28, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005398-2022

BEFORE: DUBOW, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MAY 9, 2024**

Appellant, Joseph D. Baker, appeals from the judgment of sentence of
an aggregate term of 22 to 44 years' incarceration, imposed after he pled
guilty to third-degree murder, endangering the welfare of children (EWOC),
and possessing an instrument of crime.[1]   Appellant's counsel, Earl G.
Kauffman, Esq., concludes that Appellant has no non-frivolous claims he could
pursue on appeal; thus, counsel seeks to withdraw his representation of
Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and
***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  After careful review,
we affirm Appellant's judgment of sentence and grant counsel's petition to
withdraw.

---

[1] 18 Pa.C.S. § 2502(c), 18 Pa.C.S. § 4304(a)(1), and 18 Pa.C.S. § 907(a),
respectively.

The Commonwealth summarized the facts and procedural history of Appellant's case, as follows:

> On December 10, 2021, [Appellant] barged into the third-floor bedroom of the Philadelphia home he shared with Margaret Lippi, his common-law wife of 34 years, with a silver gun in his hand. [Appellant] threatened to shoot Lippi—and to do so by shooting her through the two-year-old grandchild she was then holding— and then held the gun to Lippi's head. After Lippi put the child down, [Appellant] fired the gun at Lippi three times, striking her once in her left side and fatally injuring her.
>
> Also present in the bedroom to witness the fatal shooting were … [Lippi's] 20-year-old and 1-year-old grandchildren. As [Appellant] left the bedroom, the eldest grandchild called the police and locked and barricaded the bedroom door. Thereafter, she took the younger children into the closet to hide until SWAT officers cleared the barricade to rescue them.
>
> While guarding the rear door of the house, police officers observed [Appellant] walk out into the rear yard and go back into the house. Surveillance footage captured [Appellant] walking towards the trash can in this rear yard, from which homicide detectives later recovered a .44 caliber revolver with three spent shell casings and three live rounds….
>
> On April 13, 2023, after waiving his right to a jury, [Appellant] entered a non-negotiated plea to third degree murder, [EWOC], and possessing an instrument of crime. In consideration of [Appellant's] plea, the Commonwealth declined to pursue a charge of first-degree murder and *nolle prossed* a charge of recklessly endangering other people.
>
> On June 28, 2023, the court sentenced [Appellant] to 20–40 years of incarceration for the third-degree murder conviction, and to a consecutive term of 2–4 years for [EWOC], with no further penalty for possessing an instrument of crime. [Appellant] did not file post-sentence motions.

Commonwealth's Brief at 2-3 (citation to the record omitted).

Appellant filed a timely notice of appeal, and the court subsequently ordered him to file a Pa.R.A.P. 1925(b) concise statement of errors complained

of on appeal. In response, Attorney Kauffman filed a statement indicating that he could find no issues of arguable merit to raise on appeal and, thus, he intended to file an **Anders** brief and petition to withdraw with this Court. **See** Pa.R.A.P. 1925(c)(4). Consequently, the trial court did not issue a Rule 1925(a) opinion.

On November 5, 2023, Attorney Kauffman filed with this Court a petition to withdraw from representing Appellant. That same day, counsel also filed an **Anders** brief, discussing the following four issues that Appellant could potentially raise on appeal, which we have reordered for ease of disposition:

> [I.] Whether the trial court had [j]urisdiction to hear the case.
>
> [II.] Whether … [A]ppellant did not know what he was doing, or somebody forced him to enter the [n]on-[n]egotiated [g]uilty [p]lea.
>
> [III.] Whether the sentence imposed in this [n]on-[n]egotiated [g]uilty [p]lea was an illegal or improper sentence.
>
> [IV.] Whether trial counsel was ineffective in representing … [A]ppellant.

**Anders** Brief at 4.

Attorney Kauffman concludes that these issues are frivolous, and that Appellant has no other, non-frivolous claims he could raise herein. Accordingly,

> this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).
>
> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:

- 3 -

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> *Santiago,* 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan,* 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, … 936 A.2d 40 ([Pa.] 2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of *Anders* and *Santiago*, this Court must then "conduct a simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In this case, Attorney Kauffman's *Anders* brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support Appellant's claims, and he sets forth his conclusion that Appellant's appeal is frivolous. He also explains his reasons for reaching that determination and supports his rationale with citations to the record and

- 4 -

pertinent legal authority. Although Attorney Kauffman does not explicitly state in his petition to withdraw that he supplied Appellant with a copy of his ***Anders*** brief, his Certificate of Service attached to his ***Anders*** brief shows that the brief was served on Appellant by first class mail. Additionally, Attorney Kauffman attached to his petition to withdraw a letter directed to Appellant, in which he informed Appellant of the rights enumerated in ***Nischan***. Accordingly, counsel has substantially complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issues are frivolous, and to ascertain if there are any other, non-frivolous claims he could pursue on appeal.

It is well-settled that, "by entering a guilty plea, the defendant waives his right to challenge on direct appeal all non[-]jurisdictional defects except the legality of the sentence and the validity of the plea." ***Commonwealth v. Lincoln***, 72 A.3d 606, 609 (Pa. Super. 2013) (citing ***Commonwealth v. Pantalion***, 957 A.2d 1267, 1271 (Pa. Super. 2008)). Additionally, where as here, "there have been no sentencing restrictions in a plea agreement, the entry of a guilty plea will not preclude a challenge to the discretionary aspects of sentencing." ***Commonwealth v. Dalberto***, 648 A.2d 16, 20 (Pa. Super. 1994).

Presently, Attorney Kauffman first concludes that any jurisdictional challenge to Appellant's convictions would be frivolous, as "[t]he incident happened in Philadelphia, [Pennsylvania], and the Judge was duly elected to

the [C]ourt of Common Pleas." ***Anders*** Brief at 9. We agree. The statute governing the jurisdiction of the courts of common pleas states:

> **(a) General rule.--**Except where exclusive original jurisdiction of an action or proceeding is by statute or by general rule adopted pursuant to section 503 (relating to reassignment of matters) vested in another court of this Commonwealth, the courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings, including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas.

42 Pa.C.S. § 931(a). Additionally, our Supreme Court has expressly held "that all courts of common pleas have statewide subject matter jurisdiction in cases arising under the Crimes Code." ***Commonwealth v. Bethea***, 828 A.2d 1066, 1074 (Pa. 2003). Thus, it would be frivolous for Appellant to raise a jurisdictional challenge on appeal.

Likewise, our review of the record convinces us that any challenge to the voluntariness of Appellant's plea would be frivolous. Preliminarily, Appellant did not file any pre- or post-sentence motion to withdraw his plea, thus waiving any challenge to his plea on appeal. ***See*** Pa.R.Crim.P. 720(B)(1)(a)(i); ***Lincoln***, 72 A.3d at 609-10 ("A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver.").

Notwithstanding waiver, the record indicates that Appellant's plea was knowing, intelligent, and voluntary. We have explained:

> "A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury

trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." *Commonwealth v. Morrison*, 878 A.2d 102, 107 (Pa. Super. 2005); Pa.R.Crim.P. 590, Comment. Additionally, a written plea colloquy that is read, completed and signed by the defendant and made part of the record may serve as the defendant's plea colloquy when supplemented by an oral, on-the-record examination. *Morrison*, 878 A.2d at 108 (citing Comment to Pa.R.Crim.P. 590). "[A] plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea." *Commonwealth v. Fluharty*, … 632 A.2d 312, 315 ([Pa. Super.] 1993). "Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) (internal citation omitted).

*Commonwealth v. Reid*, 117 A.3d 777, 782-83 (Pa. Super. 2015).

Here, at the guilty plea proceeding, the trial court placed the terms of the agreement on the record, and explained the maximum, aggregate sentence that Appellant could receive for his crimes. *See* N.T. Plea, 4/13/23, at 7-8, 10. The court also explained that Appellant's sentence would ultimately be up to the court to impose. *Id.* at 10. Appellant confirmed that he understood. *Id.* The trial court also explained to Appellant that he had the right to a jury trial. *Id.* at 12. Although the court did not explicitly state that Appellant was presumed innocent until proven guilty, it did inform Appellant that "[a]t the trial, the burden would be on the Commonwealth to try to prove that you [are] guilty of the charges that you are facing." *Id.* at 11. Additionally, in the written plea colloquy that Appellant signed, it stated that Appellant would be "presumed innocent until [he was] proven guilty."

Colloquy for Plea of Guilty/Nolo Contendere, 4/13/23, at 1 (unnumbered). The written guilty plea colloquy also fully laid out Appellant's rights and detailed the consequences of entering a plea. *See id.* at 4-6. Appellant indicated on the written colloquy form that he understood that information, his attorney had discussed it all with him, and counsel had answered all of his questions about the plea. *Id.* at 2, 6. Appellant confirmed he was satisfied with his counsel's representation. *Id.* at 6.

Additionally, at the plea proceeding, the court detailed Appellant's limited appeal rights after entering the plea. N.T. Plea at 13, 16. The Commonwealth then stated the factual basis for the plea, *id.* at 17-20, and Appellant agreed to those facts, *id.* at 21. Appellant also admitted he was guilty of each of the three crimes to which he was pleading. *Id.* at 21-22. The court ultimately accepted Appellant's plea, stating that it was satisfied that Appellant understood what he was doing, the facts made out the elements of the crimes to which he was pleading, and Appellant had not been threatened or coerced into entering the plea. *Id.* at 22-23.

Based on this record, we discern no basis on which Appellant could challenge the voluntariness of his plea. Appellant fully participated in the colloquy, repeatedly indicated that he understood what he was doing, and demonstrated that his decision to enter his plea was voluntary. Thus, we agree with Attorney Kauffman that any challenge to the validity of Appellant's plea would be frivolous.

Next, we also agree with Attorney Kauffman that Appellant cannot raise any arguably meritorious sentencing claim. Specifically, Appellant received 20 to 40 years' incarceration for third-degree murder, and 2 to 4 years' incarceration for EWOC, both of which were within the statutory maximum terms permitted by 18 Pa.C.S. § 1102(d) (stating the statutory maximum for third-degree murder is 20 to 40 years) and 18 Pa.C.S. § 1103(3) (setting a maximum term of 3½ to 7 years' incarceration for a third-degree felony). **See also** 18 Pa.C.S. § 4304(b)(1)(iii) (stating that if, in committing the crime of EWOC under 18 Pa.C.S. 4304(a)(1), "the actor created a substantial risk of death or serious bodily injury, the offense constitutes a felony of the third degree"). Appellant's sentence of no further penalty for possessing an instrument of a crime is also legal.

In terms of discretionary aspects of Appellant's sentence, he failed to raise any such claims in a post-sentence motion, thus waiving them for our review. **See Commonwealth v. Griffin**, 65 A.3d 932, 936 (Pa. Super. 2013) ("[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.") (citation omitted). Therefore, Appellant has no, non-frivolous sentencing claims he could pursue herein.

Finally, Attorney Kauffman correctly concludes that Appellant could not raise ineffective-assistance-of-counsel claims in this appeal. In

*Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013), our Supreme Court reaffirmed its prior holding in *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002), that, absent certain circumstances, claims of ineffective assistance of counsel should be deferred until collateral review under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. *Holmes*, 79 A.3d at 576. The specific circumstances under which ineffectiveness claims may be addressed on direct appeal are not present in the instant case. *See id.* at 577-78 (holding that the trial court may address claim(s) of ineffectiveness where they are "both meritorious and apparent from the record so that immediate consideration and relief is warranted," or where the appellant's request for review of "prolix" ineffectiveness claims is "accompanied by a knowing, voluntary, and express waiver of PCRA review").

In sum, we conclude that it would be frivolous for Appellant to attempt to raise any of the limited issues that he could assert on appeal, following the entry of his guilty plea. Additionally, our review of the record reveals no other, non-frivolous claims that Appellant could present herein. Therefore, we affirm his judgment of sentence and grant Attorney Kauffman's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date:  5/09/2024